FILED
 2014 Nov-03  AM 09:25
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **JOHN P. LANGFORD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **CHERYL PRICE, in her individual** ) | Case No. 7:12-cv-2580-SLB |
| **capacity, KIM T. THOMAS, in his** ) | |
| **official capacity as Commissioner of** ) | |
| **The Alabama Department of** ) | |
| **Corrections, and STATE OF** ) | |
| **ALABAMA PERSONNEL BOARD,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This case is presently pending before the court on the Motion for Summary Judgment by Defendant Alabama State Personnel Board, (Doc. 22)[1], and the ADOC Defendants' Motion for Summary Judgment and Brief in Support Thereof, (Doc. 24). Plaintiff, John Langford, filed suit against defendants, the Alabama State Personnel Board, Cheryl Price, in her individual capacity, and Kim Thomas, in his official capacity as Commissioner of the Alabama Department of Corrections. (Doc. 11.) Defendants' Motions for Summary Judgment seek judgment as a matter of law on plaintiff's claims under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. In Plaintiff's Response to Defendants' Motions for Summary Judgment, plaintiff

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

acknowledges that "Defendants' Motions are well taken," and states that he "cannot make a meritorious response in opposition." (Doc. 29.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendants are entitled to judgment as a matter of law, and defendants' Motions for Summary Judgment, (Docs. 22, 24), are due to be granted.

The party moving for summary judgment bears the initial burden to show the district court that there are no genuine issues of material fact to be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). However, once the moving party has met his burden, FED. R. CIV. P. 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. The nonmoving party need not present evidence in a form necessary for admission at trial; however, the nonmovant may not merely rest on the pleadings. *Id.*

After reviewing defendants' Motions, supporting memorandum, and evidence, the court finds that no genuine issue of material fact exists herein and defendants are entitled to judgment as a matter of law.  Defendant, Alabama State Personnel Board, is entitled to judgment as a matter of law because plaintiff's suit against it is barred by Eleventh Amendment immunity and State-agent immunity and because no due process violation occurred. Defendants, Cheryl Price and Kim Thomas, are entitled to judgment as a matter of law because Thomas, in his official capacity, is entitled to Eleventh Amendment immunity, Price, in her individual capacity, is entitled to qualified immunity, and no

deprivation of plaintiff's due process rights occurred. Therefore, defendants' Motions for Summary Judgment on plaintiff's claims under the Fourteenth Amendment and 42 U.S.C. § 1983 are due to be granted.

An order granting defendants' Motions for Summary Judgment will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 3rd day of November, 2014.

_/s/ Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE